**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**RAYMOND WHITLEY,**

   **Petitioner,**

**v.**              **Case No. 2:17-cv-04583**

**RUSSELL MASTON, Superintendent,
St. Mary's Correctional Center,[1]**

   **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 19, 2017, the Petitioner, Raymond Whitley (hereinafter "Whitley"), who is proceeding *pro se*, filed the instant Petition under 28 U.S.C. § 2254. (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Although the Petition is drafted on the form used by this court for the filing of habeas corpus petitions under 28 U.S.C. § 2254, a review of the document demonstrates that Whitley intends to file his claims under 42 U.S.C. § 1983 and § 1988, and that he requests monetary damages and a "remand." (ECF No. 1 at 13, 15).

After thorough consideration of the record, the undersigned conclusively **FINDS**

---

[1]The Petitioner is presently incarcerated at the St. Mary's Correctional Center, where the current Superintendent is Russell Maston. The Clerk is directed to modify the docket sheet to reflect that Russell Maston is the appropriate respondent herein.

that Whitley fails to state a claim that would entitle him to the relief requested. Therefore, for the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Whitley's request for relief, filed as a Petition for a Writ of Habeas Corpus, (ECF No. 1); **DISMISS** this case, and **REMOVE** it from the docket of the court.

I.    **Relevant Facts and Procedural History**

Whitley filed two § 2254 forms contemporaneously in this Court on December 17, 2017. *See* (ECF No. 1); *also Whitley* v. *Mutter*, Case No. 2:17-cv-04582 (S.D.W. Va. Dec. 19, 2017) at ECF No. 1. In the instant petition, Whitley states that he is bringing his claims pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 13). In his other § 2254 petition, Whitley presents his claims as grounds for federal habeas relief. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 1. In response to that petition, Respondent filed a Motion to Dismiss, which included court documents outlining Whitley's proceedings in state courts. *Id.* at ECF No. 14. The undersigned will take judicial notice of those documents in detailing the history of Whitley's state criminal proceedings relevant to this petition.

Following a two-day bifurcated jury trial in the Circuit Court of Fayette County, West Virginia, on December 3, 2003, Whitley was found guilty of one count of conspiracy to commit a felony, that being murder, in violation of West Virginia Code § 61-10-31, and one count of murder in the first degree in violation of West Virginia Code § 61-2-1, with a recommendation of mercy. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-1 at 5. By Conviction and Sentencing Order entered on January 20, 2004, Whitley was sentenced to an indeterminate term of imprisonment of 1-5 years on the conspiracy count, and life with mercy on the murder count. *Id.* at ECF No. 14-5 at 7.

On September 14, 2004, Whitley, by counsel J. B. Rees, filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia ("WVSC"). *Id.* at ECF No. 14-1 at 2. The appeal contained a single claim of error, asserting that the trial court improperly denied Whitley's motion to suppress his statements to law enforcement on the grounds that the statements were not voluntary and were the result of coercion and unlawful inducement by law enforcement officials. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-1 at 9. The claim stemmed from a February 15, 2003 interview conducted by law enforcement officials in which Whitley confessed to his involvement in the victim's death. *Id.* at 7. Prior to making the incriminating statements, Whitley expressed his desire to have an attorney present; however, when informed by law enforcement officials that if he wanted to have an attorney present he could not give a statement at that time, Whitley elected to proceed with the interview without an attorney. *Id.* The recorded statement was introduced at Whitley's trial over his attorney's objection. *Id.* at 8.

On November 10, 2004, the WVSC entered a summary order, noting Whitley's appeal and stating simply "[u]pon consideration whereof, the Court is of opinion to and doth hereby refuse said petition for appeal." *Id.* at ECF No. 14-2 at 2. Whitley did not seek a writ of certiorari from the Supreme Court of the United States ("Supreme Court"), but instead, on January 12, 2005, filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County, West Virginia ("Circuit Court"). *Id.* at ECF No. 14-3 at 2. Whitley raised the following claims for relief:

1. An incriminating statement was improperly obtained after Whitley made a request for counsel.

2. Denial of effective assistance of counsel when appellate counsel failed to timely file direct appeal and failed to raise additional constitutional violations.

3.    Whitley's co-defendant was convicted of the same murder as Whitley, creating a double jeopardy violation.

4.    Police failed to conduct gun residue testing on Whitley's skin and clothing.

5.    Police did not Mirandize Whitley prior to his incriminating statement.

6.    Whitley attempted to fire court-appointed counsel after he and Whitley "had a conflict."

*Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-3 at 5-6. New counsel, Erwin L. Conrad, was appointed to represent Whitley in his habeas corpus proceeding and filed an Amended Petition on or about March 31, 2005. *Id.* at ECF No. 14-5 at 1-2. According to the Circuit Court's order, the Amended Petition raised the following grounds for relief:

A.    The conviction was obtained by use of [a] coerced confession based upon unlawful inducement by a law enforcement official after [Whitley]had requested an attorney;

B.    The conviction was obtained by the unconstitutional failure of the Prosecution to obtain and disclose to [Whitley] evidence favorable to [Whitley];

C.    The conviction obtained was by violation of [Whitley's] protection against double jeopardy and was a conviction of [Whitley] for the identical offense, murder in the first degree of Everett Mundy, Jr., for which another Defendant was convicted, Brian Cunningham (Indictment No. 03-F-0058) (Fayette County) Conviction Order and Sentencing/Commitment Order;

D.    The conviction was obtained as a result of a denial of effective assistance of counsel in that: (a) motions to suppress caused the suppression of exculpatory evidence; and (b) counsel failed to file a timely appeal of the conviction;

E.    [Whitley] is being unlawfully held by virtue of the denial of his constitutionally and protected right of Appeal;

*Id.* at 3, 12.[2] On June 7, 2006, Whitley executed and signed a "Habeas Corpus Grounds

---

[2]The undersigned notes that the Amended Petition itself is not a part of the record before this court.

for Relief List Claimed" in which he delineated the claims he was raising in his habeas action. *Id.* at ECF No. 14-4 at 2. Following an omnibus hearing, the Circuit Court denied Whitley's habeas petition on March 12, 2010. *Id.* at ECF No. 14-5 at 2. The Circuit Court determined that Whitley's first claim, relating to an unlawfully induced incriminating statement, had been fully addressed at a suppression hearing held prior to trial, and the trial court's conclusion that Whitley's confession was not wrongfully induced was not erroneous. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-5 at 9-10. The Circuit Court next addressed Whitley's claim that the State had failed to disclose favorable evidence by not conducting a gunshot residue test on either Whitley or his co-defendant, and concluded that, because it was not unreasonable for investigating officers to decline to perform a gunshot residue test on a defendant who had confessed to the murder in question, there was no constitutional violation. *Id.* at 10-11. The Circuit Court also found that counsel's decision to seek exclusion of evidence related to telephone records of the co-defendant and the burning of the victim's vehicle was a reasonable strategic choice. *Id.*

Turning to Whitley's claim of a double jeopardy violation, the Circuit Court indicated that "[t]he conviction of two separate individuals, both involved in the planning and commission of a murder, is clearly not a violation of the U.S. Constitution's protection against double jeopardy." *Id.* at 12. Finally, the Circuit Court concluded that Whitley's claim that his attorney's failure to file a timely direct appeal had resulted in the denial of Whitley's right to appeal was unavailing, as the record revealed the WVSC had considered Whitley's appeal on the merits despite its untimeliness. *Id.* at 14. The Circuit Court accordingly denied Whitley's petition. *Id.*

Whitley then filed a Petition for Appeal in the WVSC on September 28, 2010. *Id.*

at ECF No. 14-6 at 2. The Petition for Appeal raised the following claims for relief:

I.    The trial court erred by concluding that [Whitley's] appeal was refused on grounds other than its untimely filing, as such cannot be determined based on the record.

II.   The trial court erred by failing to consider and address previous counsel's failure to file a timely appeal as a basis upon which the claim of ineffective assistance of counsel was founded.

*Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-6 at 9. By Memorandum Decision filed

February 25, 2011, the WVSC affirmed the Circuit Court's denial of Whitley's Amended

Petition. *Id.* at ECF No. 14-7 at 3. The WVSC specifically found as follows:

In the instant habeas case, petitioner argues that he was denied his right to appeal because the direct petition for appeal was untimely. He further argues that he received ineffective assistance of appellate counsel because of the untimely filing [footnote omitted]. After an evidentiary hearing and the submission of a letter from the Clerk of this Court, the circuit court denied the habeas petition. The circuit court found that the untimeliness of the petition for appeal was "either un-noticed or ignored by the Supreme Court, which proceeded to lawfully consider and refuse the petition for appeal after full consideration of its assignments of error, and the record as presented . . . ."

We find no error in the circuit court's conclusion and hereby affirm.

*Id.* at 2-3. Thus, the WVSC made the specific finding that the direct appeal was refused

on the merits. The WVSC issued a Mandate on March 28, 2011, finalizing its decision.

*Id.* at ECF No. 14-8 at 2.

On March 7, 2012, Whitley filed a second habeas petition in the Circuit Court,

which raised the following grounds for relief:

1.    Denial of effective assistance of counsel. Trial counsel failed to properly challenge the makeup of the jury and specifically failed to challenge or strike two specific jurors.

2.    Denial of effective assistance of counsel. Trial counsel allowed two of the state's witnesses to be designated as expert witnesses without

6

> challenging their credentials and failed to retain and call rebuttal experts.

> 3.    Denial of effective assistance of counsel. Trial counsel used a "harpoon tactic" and failed to demand a jury instruction on the lesser-included offense of second-degree murder.

*Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-9 at 8, 14, 17. On June 19, 2012, the Circuit Court denied Whitley's second petition, finding that he had raised ineffective assistance of trial counsel in his first petition, and the Circuit Court gave "full and fair consideration" to this claim. *Id.* at ECF No. 14-10 at 6. The Circuit Court clarified that its prior review of this issue, "constitute[d] a full and final adjudication of the issue of the performance of [Whitley's] trial counsel," meaning that "[t]o the extent that [Whitley] failed to previously raise certain facts in the Amended Petition concerning the alleged ineffective assistance of [Whitley's] trial counsel, all grounds for relief based on such facts in the present Petition are waived because [Whitley] was legally required to raise these issues in" his previous habeas petition. *Id.*

Whitley did not appeal the denial of his second habeas petition to the WVSC. However, on June 28, 2012, Whitley filed a third habeas petition in the Circuit Court in which he asserted a claim of ineffective assistance of habeas counsel based upon his habeas counsel's failure to thoroughly review all the available evidence and in misadvising Whitley concerning the claims to be addressed in his initial habeas corpus proceedings. *Id.* at ECF No. 14-11 at 8. Whitley asserted that the three claims of ineffective assistance of trial counsel raised in his second Circuit Court petition were claims that should have been raised by habeas counsel. *Id.* at 9. Nonetheless, Whitley asked the Circuit Court to "look at only one issue in this Habeas." *Id.* Specifically, Whitley asked the Circuit Court to focus on the failure of his trial counsel to request a

lesser-included offense instruction, and his habeas counsel's subsequent failure to discover this claim. *Id.* at 9-10. Whitley believed that his habeas counsel's failure to discover this claim was either the result of "complete incompetence" or represented "a purposeful intent to cover this up." *Id.* at 10.

The Circuit Court denied Whitley's third petition on July 12, 2012, again finding that Whitley's claims for relief were either previously and finally adjudicated, or waived when they were not raised in his initial Circuit Court habeas petition. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-12 at 5. Whitley appealed that decision to the WVSC on August 15, 2012, arguing that ineffective representation by his habeas counsel should excuse his failure to initially raise the claims of error made by his trial counsel. *Id.* at ECF No. 14-13 at 5.

On July 8, 2013, the WVSC denied Whitley's appeal. *Id.* at ECF No. 14-14 at 2. The WVSC began its analysis by noting that the doctrine of *res judicata* operated to bar subsequent habeas petitions "on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised." *Id.* at 4 (quoting *Losh v. McKenzie*, 166 W.Va. 762 (1981)). The WVSC then determined that while, "factually-supported allegations of ineffective assistance of habeas counsel constitute an exception to this rule," Whitley's only asserted basis for the ineffectiveness of his habeas counsel was the ineffectiveness of his trial counsel, and the Circuit Court had "fully and finally adjudicated all claims that trial counsel was ineffective in" Whitley's first habeas petition. *Id.* at ECF No. 14-14 at 4. Accordingly, the WVSC upheld the Circuit Court's denial of Whitley's petition. *Id.* A Mandate was issued on August 7, 2013, rendering the WVSC's order final. *Id.* at ECF No. 14-15 at 2.

On or about July 10, 2014, Whitley filed a fourth habeas corpus petition in the Circuit Court, asserting that his habeas counsel was ineffective for failing to properly investigate the case and present valid defenses, and arguing again that his conviction was obtained through an involuntary or coerced confession without the presence of counsel. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-16 at 5, 10. Whitley also claimed that his right to a fair trial was denied by the presence of Angela Goff on his jury, because she owned the ambulance service to which Whitley was ordered to pay $300 in restitution. *Id.* at 5. Finally, Whitley included a claim of judicial bias based on the fact that the judge who oversaw his trial denied Whitley's request to receive a new court-appointed attorney. *Id.* at 6. Whitley believed this created a "conflict" which was made apparent when his attorney failed to request a lesser-included offense instruction. *Id.*

The Circuit Court denied the fourth petition on August 5, 2014. *Id.* at ECF No. 14-17 at 7. The Circuit Court first determined that Whitley's claim of ineffective assistance of habeas counsel was meritless as Whitley failed to identify any viable claims which a more thorough investigation would have uncovered. *Id.* at 6-7. As to Whitley's remaining claims, the Circuit Court found that they were waived by Whitley's failure to raise them in either his direct appeal or first habeas petition. *Id.* at 7. Whitley did not appeal the dismissal of his petition to the WVSC.

On November 4, 2016, Whitley submitted a Petition for Writ of Mandamus in the WVSC, requesting that the Circuit Court be compelled to order the State to provide him with audiotaped recordings of his interviews with law enforcement officers, which were obtained in the course of the investigation which led to his convictions. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-18. On November 28, 2016, the WVSC dismissed the writ of mandamus as Whitley did not have an active case pending before the Circuit

Court. *Id*. at ECF No. 14-19 at 2. On December 6, 2016, Whitley again submitted a motion entitled Petition for Certiorari to the WVSC, requesting that the Circuit Court be ordered to compel production of the audiotapes. *Id*. at ECF No. 14-20. On February 28, 2017, Whitley filed an Amended Petition for Certiorari which also sought the production of the requested audiotapes. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-21. The WVSC denied these requests on June 6, 2017. *Id*. at ECF No. 14-22 at 2.

Whitley filed a fifth habeas corpus petition in the Circuit Court on August 8, 2017. *Id*. at ECF No. 14-23 at 2. The fifth petition repeated Whitley's claim that he was interviewed by law enforcement officers after he requested an attorney, in violation of various federal constitutional rights. *Id*. at 5. In addition, Whitley again argued that his habeas counsel had provided deficient assistance by failing to perform a proper investigation which would have uncovered numerous instances of deficient performance by Whitley's trial counsel. *Id*. at 5-7. Whitley also asserted that the State prosecutor excluded African Americans from the grand and petit juries and claimed that the state failed to maintain audiotape evidence that was used at his trial. *Id*. at 5.  The Circuit Court denied relief on November 21, 2017, reiterating that, by not bringing the claims earlier, Whitley had waived the right to bring each of these claims. *Id*. at ECF No. 14-24 at 8-9. Whitley did not appeal this decision to the WVSC.

Whitley then filed the instant action on December 19, 2017. (ECF No. 1). The motion raises the following grounds for relief:

1. Denial of 6th, 14th Amendment Constitutional Right to Counsel[:]

On February 15, 2003 during an interview with the Fayette County Sheriffs, I asked for an attorney during the audio recording. The interview process stopped. After some time passed the interview started again without an attorney and a valid waiver being conducted.

2. Violation of Due Process/Brady Act 1963[:]

The Prosecution failed to turn over evidence favorable to [Whitley] during trial.

3. Violation of 14th Amendment/Due Process[:]
12/01/2003, I was tried before an all white jury. Court appointed counsel failed to strike for cause or attempt to seat any other potential jurors of another race. I did raise the issue in an Instant Habeas Corpus (14-C-197-H). At which [Whitley] did not receive an impartial jury trial because juror (Angela Goff) at the time of trial owned the ambulance company which was dispatched to the crime scene in this matter. [Whitley] was ordered to pay ($300.00) restitution during sentencing to cover the ambulance bill.

4. Violation of 14th Amendment/Due Process[:]

On November 18, 2004 the West Virginia Supreme Court refused [Whitley's] direct appeal and did not disclose any opinions or record so [Whitley] could proceed further in appeal process.

(ECF No. 1 at 5, 7-8, 10). In the portion of the habeas form which asks petitioners to indicate why their petition is not untimely, Whitley asserts "[t]his is a civil action petition under 1983, 1988." (*Id.* at 13).Whitley requests that he be granted "punitive damages and remand" for relief. (*Id.* at 15). Accordingly, while Whitley submitted this action on a form intended for petitions for habeas relief pursuant to Section 2254, he verifies that he is actually raising claims under § 1983 and § 1988.

## II.    <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). Further, pursuant to 28 U.S.C. § 1915A, the Court must screen each case in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez,* 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Likewise, a complaint fails to state a compensable claim and should be dismissed when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

This Court is required to liberally construe *pro se* pleadings, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pleading must state sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

Whitley filed this case pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 13). Section 1983 is "not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and markings omitted). Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state

"law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to maintain a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must show through factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

## III.    Discussion

### A. The action as a § 1983 complaint

As noted, Whitley submitted two contemporaneous actions on forms intended for those seeking federal habeas relief under 28 U.S.C. § 2254. (ECF No. 1 at 13); *Whitley,* Case No. 2:17-cv-04582 at ECF No. 1. In both cases, Whitley raises claims related to alleged constitutional violations that occurred during the course of his state criminal proceedings. In this action, Whitley seeks, in part, monetary damages for the alleged constitutional violations. (ECF No. 1 at 13, 15). Whitley also brings this lawsuit under 42 U.S.C. § 1988, which authorizes district courts, in their discretion, to award reasonable attorneys' fees to prevailing parties in cases brought under § 1983. *See* 42 U.S.C. § 1988. As this statute does not itself present a mechanism for relief, *See N. Carolina Dep't of Transp. v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6, 12 (1986), the undersigned will consider all of Whitley's claims under § 1983.[3]

---

[3] The undersigned notes that as a *pro se* plaintiff, Whitley would not be entitled to receive attorney fees under this statute regardless of the outcome of his lawsuit. *See Kay v. Ehrler,* 499 U.S. 432, 435 (1991).

### 1. Whitley's complaint is not cognizable under § 1983

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff generally may not recover damages under § 1983 if his complaint is effectively a collateral attack on a criminal conviction. In *Heck*, the Supreme Court advised that a § 1983 action is an inappropriate mechanism to afford relief where a verdict in the plaintiff's favor would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id*. at 486. Accordingly:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. When considering a claim for damages related to criminal proceedings in a state court, a district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

The rule announced in *Heck* is driven by "'concerns for finality and consistency'" which "have motivated this Court to refrain from multiplying avenues for collateral attack on criminal judgments through civil tort vehicles such as § 1983." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (quoting *Heck*, 512 U.S. at 484). The requirement, known as the "favorable termination requirement," that a plaintiff seeking to litigate the constitutionality of state actions which undermine the validity of his state convictions first demonstrate those convictions have been overturned, "ensure[s] that § 1983 litigation [will] not result in inconsistent judgments or retrials of old state convictions

through pathways other than those delineated by Congress." *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015).

Clearly, Whitley's ostensible § 1983 claims would necessarily undermine the validity of his state court convictions if judgment were found in his favor. Whitley's first claim, alleging that law enforcement officials denied his request for an attorney and proceeded to take his statement in violation of his *Miranda* rights, (ECF No. 1 at 5), would result in a finding that the incriminating statement provided by Whitley was improperly obtained; thus, undermining the validity of his convictions, which were returned after the incriminating statement was introduced at trial. *See e.g. Bowden v. Plyler,* No. 3:10CV12-1-MU, 2010 WL 339027, at *1 (W.D.N.C. Jan. 22, 2010) ("[I]f Defendants had taken a statement from Plaintiff in violation of *Miranda*, Plaintiff's claim would necessarily imply the invalidity of his conviction, and the claim would not be cognizable in this § 1983 action because Plaintiff's conviction has not been invalidated."). As Whitley's convictions have not been invalidated, this claim may not be brought under Section 1983.

Whitley's second claim is likewise precluded by the rule announced in *Heck*. Whitley asserts that he was denied due process and the "*Brady* Act of 1963" was violated when the State failed to turn over favorable evidence. (ECF No. 1 at 7). Whitley presumably refers to the rule announced by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963), which prohibits the State from withholding material exculpatory evidence from the accused. While Whitley provides no details regarding the nature of this alleged violation, it is clear that this claim is barred by the application of *Heck*. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has previously held that a *Brady* claim necessarily runs afoul of the rule announced in *Heck* because "'a

15

*Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment.'" *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015) (quoting *Skinner v. Switzer*, 562 U.S. 521, 536 (2011)). Accordingly, Whitley's claim for monetary damages in ground two, premised on a violation of the rule in *Brady*, may not be brought in a § 1983 lawsuit as it necessarily implicates the validity of his state court convictions.

Whitley's third claim, which alleges that his jury was both racially malapportioned and improperly biased, suffers from the same fatal flaw as his first two claims, because its success would invalidate his state court convictions. (ECF No. 1 at 8). Whitley's challenge to the composition of his jury is a straightforward attack on the constitutionality of his conviction and is not cognizable as a claim brought pursuant to § 1983. *See e.g. Robinson v. Broadwater*, No. CV 8:16-3663-BHH-SVH, 2016 WL 7971576, at *2 (D.S.C. Nov. 29, 2016), *report and recommendation adopted*, No. CV 8:16-3663-BHH, 2017 WL 282401 (D.S.C. Jan. 23, 2017) (claim of biased jury barred by rule announced in *Heck*); *Schulte v. Murtha*, No. CIV.A. RDB-12-2919, 2013 WL 254417, at *1 (D. Md. Jan. 22, 2013), *aff'd*, 568 F. App'x 238 (4th Cir. 2014) (same). As Whitley's claim regarding the racial homogeneity and bias of his jury is inextricably connected to the validity of his state criminal convictions, he may not bring this claim in a civil rights complaint.

Finally, Whitley's fourth claim is also unable to overcome the barrier created by *Heck*. In his fourth claim, Whitley alleges a violation of due process resulting from the WVSC's failure to disclose the reasons for its denial of his direct appeal. (ECF No. 1 at 10). As an initial matter, a state court is not required to delineate its reasons for denying

an appeal, and Whitley's allegation does not describe a violation of any constitutional right. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011) ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"). Even assuming that Whitley's claim could successfully describe a violation of due process, however, it would be barred by the rule forbidding collateral attack on state convictions via § 1983. If Whitley were to succeed in his argument that the WVSC violated his due process rights, he would necessarily call into question the validity of his convictions, which were upheld on appeal. As his state court convictions have not been invalidated, he is unable to proceed with this claim under § 1983.

In sum, the undersigned **FINDS** that none of the claims in Whitley's complaint may be raised under § 1983, as they are all barred by the rule established by the Supreme Court in *Heck*. Accordingly, the complaint fails to state a cognizable claim and should be dismissed.

### B. The action as a § 2254 petition

Given that Whitley filed this petition on a form intended for actions under § 2254, and the undersigned has concluded that all of Whitley's claims are in fact collateral attacks on his conviction, the undersigned will briefly consider whether Whitley may bring these claims as a petition made pursuant to § 2254. *See Grooms v. Johnson*, 247 F. App'x 436, 437 (4th Cir. 2007) ("Because the complaint raised habeas claims, we find the district court properly construed the claims as more appropriately presented in a 28 U.S.C. § 2254 (2000) petition.") (unpublished). In so doing, the undersigned will take judicial notice of the state court proceedings supplied by Respondent in response to Whitley's contemporaneously filed Section 2254 petition. *See Whitley,* Case No. 2:17-cv-

04582 at ECF No. 14.

### 1. Statute of limitations

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs state prisoners' ability to raise claims in federal habeas review, contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The Fourth Circuit has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral

state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

Here, Whitley's direct appeal was denied by the WVSC on November 10, 2004. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-2. He then had ninety days in which to seek a writ of certiorari from the Supreme Court. Sup. Ct. R. 13(1). Whitley did not seek such a writ, meaning his conviction became final on February 9, 2005.[4] However, on January 12, 2005, Whitley filed a Petition for a Writ of Habeas Corpus in the Circuit Court, tolling the statutory period of limitations before it began to run. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-3 at 2. The Mandate from the WVSC denying Whitley's first habeas petition issued on March 28, 2011. *Id.* at ECF No. 14-8 at 2. With the issuance of the Mandate, judgment on Whitley's habeas petition became final and the AEDPA's statute of limitations began to run on March 29, 2011. *See Stone v. Vest*, No. 2:16-CV-01874, 2016 WL 8679249, at *4 (S.D.W. Va. Sept. 23, 2016), *report and recommendation adopted*, No. 2:16-CV-01874, 2017 WL 588517 (S.D.W. Va. Feb. 14, 2017).

The running of the AEDPA's statute of limitations was again tolled when Whitley submitted his second state habeas petition on March 7, 2012. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-9 at 2.[5] At this point, 344 days of Whitley's one-year period within which to file a federal habeas petition had expired between the conclusion of his first habeas petition and the submission of his second. Whitley's second habeas petition was

---

[4] Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

[5] March 7, 2012 is the date the Circuit Court docketed the petition. Whitley frequently did not provide a date when he submitted his state habeas petitions. *See e.g. Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-9 at 7. When a date that Whitley submitted the petition is ascertainable, the undersigned uses that date.

denied on June 19, 2012. *Id.* at ECF No. 14-10. Under Rule 5(f) of the W.Va. Rules of Appellate Procedure, a litigant has four months to appeal a circuit court judgment in a criminal or civil case to the WVSC before the judgment is final. *See Macri v. Ballard*, No. 5:14CV11, 2015 WL 892957, at *9 (N.D.W. Va. Mar. 2, 2015). Whitley did not appeal the Circuit Court's denial of his second habeas petition. However, on June 28, 2012, before the Circuit Court's denial became final, and before the statutory limitations period began to again run, Whitley filed a third habeas petition in the Circuit Court, tolling the statute of limitations. *Whitley,* Case No. 2:17-cv-04582 at ECF No. 14-11. The Circuit Court denied this petition on July 12, 2012. *Id.* at ECF No. 14-12.

Whitley appealed the denial of this petition to the WVSC which rejected the appeal and issued a Mandate finalizing its judgment on August 7, 2013. *Id.* at ECF No. 14-15 at 2. The statute of limitations thus began to run again on August 8, 2013 and continued to run until 21 days later, when on August 29, 2013, the one-year time period in which he could file a timely section 2254 petition expired. Nearly eleven months later, on July 10, 2014, Whitley submitted a fourth habeas petition; however, because the AEDPA statute of limitations had already expired, this, and any subsequent petition, did not toll the statute of limitations. *See Stutts v. Stevenson*, No. 8:11-CV-00191-TMC, 2012 WL 4479150, at *19 (D.S.C. June 15, 2012), *report and recommendation adopted*, No. CA 8:11-191-TMC, 2012 WL 4479126 (D.S.C. Sept. 28, 2012).[6]

Whitley's instant federal habeas petition was not filed until December 19, 2017, over four years after his time for doing so had expired; consequently, it is clearly

---

[6] There was additionally, a second period of well over one year, between December 2014- four months after Whitley's fourth habeas petition was denied- and November 2016, when Whitley had no action, habeas or otherwise, pending before the state courts. *Whitley*, Case No. 2:17-cv-04582 at ECF Nos. 14-17, 14-18.

untimely under 28 U.S.C. § 2244(d)(1)(A). Whitley does not argue that any of the subsections of section 2244(d)(1) apply in this case, and there is no indication any would be applicable based on the record. Therefore, the undersigned **FINDS** that Whitley's § 1983 lawsuit, if construed as a section 2254 petition, is untimely and should be dismissed as such.

## IV.    <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and respectfully **RECOMMENDS** that the presiding district judge **DENY** Petitioner's suit, filed as a Petition for a Writ of Habeas Corpus, (ECF No. 1); and **DISMISS** and **REMOVE** this case from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Chief Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED:** February 13, 2020

Cheryl A. Eifert
United States Magistrate Judge